# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROSETTA DAVIS,
        Appellant,

    v.

DEPARTMENT OF THE TREASURY,
        Agency.

DOCKET NUMBER
DA-315H-23-0023-I-1

DATE: August 8, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rosetta Davis</u>, San Antonio, Texas, pro se.

<u>Sundrea Richardson</u> and <u>Javon Coatie</u>, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2  We have considered all of the appellant's arguments on review; however, we find that none provide a basis to disturb the administrative judge's conclusion that the appellant failed to make a nonfrivolous allegation that she has either a statutory or a regulatory right to appeal her termination to the Board. Petition for Review (PFR) File, Tab 1 at 4-5, Tab 5 at 4-6; Initial Appeal File (IAF), Tab 11, Initial Decision (ID) at 4-5.  For example, the appellant asserts that her service computation date was recently amended to accurately reflect that she has over 20 years of total Federal service.  PFR File, Tab 1 at 4. However, the appellant's submissions indicate, and she does not dispute, that she had a 5-month break in service between her prior employment with the U.S. Postal Service and her employment with the agency; thus, she lacks statutory Board appeal rights.  IAF, Tab 1 at 4, Tab 4 at 13; *see* 5 U.S.C. § 7511(a); *see also Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010).  The appellant also alleges that discrimination precipitated her removal; however, as set forth in the initial decision, absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's discrimination-related claims.  PFR File, Tab 1 at 5; ID at 6; *see Wren v. Department of the Army*,

2 M.S.P.R. 1, 2 (1980) (explaining that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶3        The appellant asserts that she has filed a complaint with the Office of Special Counsel. PFR File, Tab 1 at 5. We interpret this assertion as an argument that the Board has individual right of action (IRA) jurisdiction over her appeal. Notably, the appellant made whistleblower-related allegations before the administrative judge; however, the administrative judge did not provide her with notice of the jurisdictional burden applicable to IRA appeals. *E.g.*, IAF, Tab 4 at 5; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (indicating that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue); *see also Baggan v. Department of State*, 109 M.S.P.R. 572, ¶ 10 (2008) (explaining that, even when the Board lacks direct jurisdiction over the termination of a probationary employee, the employee may bring an IRA appeal before the Board). We find, however, that this oversight does not constitute material error. Indeed, subsequent to filing this appeal, the appellant filed an IRA appeal with the Board, i.e., *Davis v. Department of the Treasury*, MSPB Docket No. DA-1221-23-0247-W-1, wherein she reasserted the same whistleblowing-related allegations. The administrative judge assigned to the appellant's IRA appeal provided her with notice of the applicable jurisdictional burden and adjudicated these claims. *Davis v. Department of the Treasury*, MSPB Docket No. DA-1221-23-0247-W-1, Initial Appeal File, Tab 4 at 2-6, Tab 19, Initial Decision.[2] Thus, a different outcome is not warranted.

[2] The appellant has filed a petition for review of this initial decision, which dismissed her IRA appeal for lack of jurisdiction. *Davis v. Department of the Treasury*, MSPB Docket No. DA-1221-23-0247-W-1, Petition for Review File, Tab 1. We have, concurrent with the issuance of this final order, issued a final order affirming the initial decision regarding the appellant's IRA appeal. We have considered whether any of the claims raised by the appellant in her petition for review for her IRA appeal warrant a different outcome in the instant appeal; however, we find that they do not. *See Miles v.*

¶4     The appellant provides additional documents with both her petition for review and her reply, to include email correspondence and documents regarding her employment with, and cases she has filed against, the U.S. Postal Service. PFR File, Tab 1 at 7-11, Tab 5 at 8-9. The Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). Here, all but one of the documents predate the initial decision.[3] In any event, none of the documents provide a basis to disturb the administrative judge's conclusions regarding jurisdiction. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). The agency also provides documents with its response, the majority of which were included in the record before the administrative judge. PFR File, Tab 4 at 10-20; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that evidence that is already part of the record is not new). In any event, the agency's additional documents are not material to the outcome of this appeal. *See Russo*, 3 M.S.P.R. at 349.

¶5     Accordingly, we affirm the initial decision.

---

*Department of Veterans Affairs*, 84 M.S.P.R. 418, ¶ 6 (1999) (explaining that the Board construes pro se pleadings liberally).

[3] The sole document that does not predate the initial decision, i.e., a December 29, 2022 statement of earnings and leave, appears to have been provided to support the appellant's assertion that her service computation date was amended. PFR File, Tab 1 at 11. As discussed above, however, this assertion is not material to the jurisdictional issue.

# NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                    _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.